IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>AFFINIUS CAPITAL, LLC, ARHAUS, LLC, MPLD CLEVELAND 45 II, LLC AND RYDER INTEGRATED LOGISTICS, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:25-cv-0119 |

**DEFENDANT RYDER INTEGRATED**
**LOGISTICS, INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE AND CLERK OF THE COURT:

COMES NOW Defendant Ryder Integrated Logistics, Inc. and files its Notice of Removal. As grounds for removal, Defendant respectfully shows the Court as follows.

## A. BACKGROUND

1. On October 8, 2024, an action was commenced in the County Court at Law No. 1 in Dallas County, Texas entitled, "Johnny Mitchell v. Affinius Capital, LLC, Arhaus, LLC, MPLD Cleveland 45 II, LLC, and Ryder Integrated Logistics, Inc." and assigned Cause No. CC-24-07280-A (hereinafter referred to as the "State Court Action").

2. Defendant Ryder Integrated Logistics, Inc. ("Ryder Integrated Logistics") received a copy of Plaintiff's Original Petition ("Plaintiff's Petition") and was served with process through its registered agent on December 19, 2024. Therefore, in accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed after Ryder Integrated Logistics' receipt of the initial pleading of Plaintiff Johnny Miller ("Plaintiff") setting forth the grounds upon which removal is based.

3. Defendant Affinius Capital, LLC ("Affinius Capital") received a copy of Plaintiff's Petition and was served with process through its registered agent on December 17, 2024.

4. Defendant Arhaus, LLC ("Arhaus") received a copy of Plaintiff's Petition and was served with process through its registered agent on December 17, 2024.

5. Defendant MPLD Cleveland 45 II, LLC ("MPLD Cleveland") received a copy of Plaintiff's Petition and was served with process through its registered agent on December 17, 2024.

**B. <u>DIVERSITY OF CITIZENSHIP</u>**

6. The State Court Action is removable under 28 U.S.C. § 1441(a) and (b). This Court has original jurisdiction over this action based on diversity of citizenship between Plaintiff and the properly joined Defendants and the amount in controversy. At the time that Plaintiff's Petition was filed in the State Court Action and at the time of the filing of this Notice of Removal, Ryder Integrated Logistics and Arhaus, which are not Texas citizens, were and remain diverse in citizenship from Plaintiff.

7. Affinius Capital and MPLD Cleveland are limited liability companies that are citizens of Texas but which Plaintiff improperly joined as Defendants. For purposes of diversity of citizenship and federal jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members; a limited liability company is a citizen of the same states as its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Berry v. Chrysler Group*, LLC, 2013 WL 416218, at *3 (S.D. Tex., Jan. 31, 2013); *Parker v. Pulte Homes of Texas, L.P.*, 2009 WL 4716061, at *2 (S.D. Tex., Dec. 8, 2009).

**<u>Citizenship of Plaintiff</u>**

8. Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

**Citizenship of Ryder Integrated Logistics**

9. Ryder Integrated Logistics was at the time that Plaintiff's Petition was filed in the State Court Action and has remained at all other relevant times, including the date of the filing of this Notice of Removal, a corporation organized and existing under the laws of Delaware. Ryder Integrated Logistics' principal place of business is located in Florida.

10. Accordingly, Ryder Integrated Logistics is a citizen of Delaware and Florida and therefore is not a citizen of Texas for purposes of diversity jurisdiction.

**Citizenship of Improperly Joined Affinius Capital**

11. Affinius Capital was at the time that Plaintiff's Petition was filed in the State Court Action and has remained at all other relevant times, including the date of the filing of this Notice of Removal, a limited liability company organized and existing under the laws of Delaware. The members of Affinius Capital are USAA Property Holdings, Inc.; JFLC, LLC; and US Re Bridger Holdings, LLC.

12. USAA Property Holdings, Inc. is a Delaware corporation with its principal place of business in Texas. JFLC, LLC is a Delaware limited liability company whose members include numerous individuals who are citizens of Texas and other states. US Bridger Holdings, LLC is a Delaware limited liability company whose members include numerous individuals who are citizens of Texas and other states.

13. Affinius Capital is a citizen of Texas. However, as explained below, the Texas citizenship of Affinius Capital should not be considered in determining diversity of citizenship because Plaintiff improperly joined Affinius Capital as a Defendant.

**Citizenship of Arhaus**

14. Arhaus was at the time that Plaintiff's Petition was filed in the State Court Action and has remained at all other relevant times, including the date of the filing of this Notice of

Removal, a limited liability company organized and existing under the laws of Delaware. The members of Arhaus are FS Arhaus Holding, Inc. and Homeworks Holdings, Inc.

15. FS Arhaus Holding, Inc. is a Delaware corporation with its principal place of business in Ohio. Homeworks Holdings, Inc. is a Delaware corporation with its principal place of business in Ohio.

16. Accordingly, Arhaus is a citizen of Delaware and Ohio and therefore is not a citizen of Texas for purposes of diversity jurisdiction.

**Citizenship of Improperly Joined MPLD Cleveland**

17. MPLD Cleveland was at the time that Plaintiff's Petition was filed in the State Court Action and has remained at all other relevant times, including the date of the filing of this Notice of Removal, a limited liability company organized and existing under the laws of Delaware. The sole member of MPLD Cleveland is MPLD, LLC. MPLD, LLC is a Delaware limited liability company whose sole member is MP Logistics Development.

18. MP Logistics Development is a Texas real estate investment trust whose members/owners are US Real Estate Limited Partnership and numerous individuals who are citizens of Texas and other states.

19. US Real Estate Limited Partnership is a Texas limited partnership. The general partners of US Real Estate Limited Partnership include numerous individuals who are citizens of Texas and other states.

20. MPLD Cleveland is a citizen of Texas. However, as explained below, the citizenship of MPLD Cleveland should not be considered in determining diversity of citizenship because Plaintiff improperly joined MPLD Cleveland as a Defendant.

## C. PLAINTIFF IMPROPERLY JOINED AFFINIUS CAPITAL AND MPLD CLEVELAND AS DEFENDANTS.

21. Affinius Capital and MPLD Cleveland are parties whose citizenship is not considered in determining diversity of citizenship because Plaintiff's joinder of Affinius Capital and MPLD Cleveland as Defendants is improper, or fraudulent, and was done by Plaintiff in an attempt to defeat diversity. Therefore, the Texas citizenship of Affinius Capital and MPLD Cleveland should be disregarded for the purpose of establishing diversity jurisdiction. *Allen v. Walmart Stores*, *L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (court may disregard the citizenship of an improperly joined defendant for purposes of determining whether the court has subject matter jurisdiction based on diversity); *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (when a plaintiff improperly joins a non-diverse defendant, the court may disregard the citizenship of the non-diverse defendant and exercise jurisdiction).

22. Jurisdictional facts are determined at the time of removal, not by subsequent events. *Flagg*, 819 F.3d at 137. Removal jurisdiction is determined based on the claims asserted in the state court complaint as the pleading exists when the case is removed. A plaintiff cannot defeat removal by amending her petition. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 834 (E.D. Tex. 2008) (court must base determination of improper joinder on analysis of causes of action alleged in the plaintiff's petition at the time of removal). Courts conduct the improper joinder analysis of claims in the state court complaint as the complaint exists at the time of removal. *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024).

23. A defendant can establish improper joinder in two ways: by showing (a) actual fraud in the pleading of jurisdictional facts or (b) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

568, 573 (5th Cir. 2004). Under the second method, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The mere theoretical possibility that the plaintiff may recover from a nondiverse defendant is not sufficient to preclude a finding of improper joinder; the possibility must be reasonable. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

24. As explained below, based on Plaintiff's allegations in Plaintiff's Petition and the law, there is no reasonable possibility that Plaintiff can establish negligence claims against Affinius Capital and MPLD Cleveland for which Affinius Capital and MPLD Cleveland could be held liable to Plaintiff.

25. In this personal injury action, Plaintiff, who was an employee of Ryder Integrated Logistics, seeks recovery from Ryder Integrated Logistics for a job-related injury that Plaintiff alleges occurred on December 18, 2023 at the warehouse located at 1305 East Cleveland Street in Hutchins, Texas 75141 where Plaintiff worked. See Ex. C-1, Plaintiff's Petition, p. 3, ¶¶ 10-13. Plaintiff also seeks to recover damages from Arhaus, Affinius Capital, and MPLD Cleveland based on the same incident. See Ex. C-1, Plaintiff's Petition, pp. 6-7, ¶¶ 25-26, 28.

26. Plaintiff alleges in Plaintiff's Petition that he was injured when he was moving a heavy, torn cardboard box that contained a dining room table onto a shelf in the warehouse using a cherry picker. According to the description in Plaintiff's pleading, the box tipped over while it was on the platform of the cherry picker. Plaintiff alleges that he was trapped between the box and the cherry picker and that he injured his back lifting the box to get out from under the box. Plaintiff does not allege that the incident resulted from an alleged dangerous condition on the premises. Plaintiff does not allege that Affinius Capital and MPLD Cleveland were involved in

the events of the alleged incident described in Plaintiff's Petition. See Ex. C-1, Plaintiff's Petition, p. 3, ¶¶ 12-13.

27. Plaintiff's Petition contains incorrect allegations. Plaintiff was an employee of Ryder Integrated Logistics at the time of the incident on December 18, 2023. Plaintiff was not employed by any of the other Defendants, including Affinius Capital and MPLD Cleveland. See Ex. E, Incident Summary Report; Ex. F, Employee Incident Report; Ex. G, Supervisor Investigation Report.

28. The incident did not occur as alleged in Plaintiff's Petition. Plaintiff stated in the Employee Incident Report that he injured his back standing the box back up after he lowered the lift to the ground. Contrary to the allegations in Plaintiff's Petition, Plaintiff did not get trapped between the box and the lift. The Incident Summary Report and the Supervisor Investigation Report similarly state that Plaintiff injured himself while he was lifting the box containing the dining room tabletop to put the box back onto the Powered Industrial Truck (lift). See Ex. E, Incident Summary Report; Ex. F, Employee Incident Report; Ex. G, Supervisor Investigation Report.

29. Plaintiff cannot establish negligence claims against Affinius Capital and MPLD Cleveland based on the incident described in Plaintiff's Petition because the incident did not occur as alleged. Accordingly, there is no basis for liability against Affinius Capital and MPLD Cleveland.

30. Plaintiff's negligence claim is asserted in Section VI of Plaintiff's Petition entitled ***"Negligence of Defendants Ryder/Arhaus."*** See Ex. C-1, Plaintiff's Petition, p. 3 (emphasis in original). As the grounds for Plaintiff's negligence claim based on the incident as described in Plaintiff's Petition, Plaintiff alleges that "Defendants Ryder/Arhaus" breached their duties as Plaintiff's employer by (a) hiring the careless and/or incompetent employee(s) who did not

provide proper training or warnings regarding moving and lifting damaged goods and on the weight limits of items lifted; (b) failing to warn Plaintiff that "Arhaus/Ryder" had implemented poor safety measures in the loft area of the warehouse that contained heavy damaged goods; and (c) failing to provide proper equipment and to maintain equipment such as cherry pickers, straps, and platforms necessary to perform the job safely. See Ex. C-1, Plaintiff's Petition, p. 3, ¶ 19.

31. Plaintiff has failed to allege any specific facts regarding Affinius Capital and MPLD Cleveland, and therefore Plaintiff's Petition fails to state a claim against Affinius Capital and MPLD Cleveland. See Ex. C-1, Plaintiff's Petition, p. 3, ¶¶ 12-13. Plaintiff makes no references to Affinius Capital and MPLD Cleveland in Plaintiff's Petition other than in Section II containing information regarding the organizational structures of Defendants and service of process. See Ex. C-1, Plaintiff's Petition, pp. 1-2, ¶¶ 3, 5.

32. Plaintiff does not allege that Affinius Capital and MPLD Cleveland had any involvement in or connection to the events of the alleged incident on December 18, 2023. Plaintiff's Petition makes no allegations that explain why Plaintiff named Affinius Capital and MPLD Cleveland as Defendants, which further supports the conclusion that Plaintiff joined Affinius Capital and MPLD Cleveland for the improper purpose of attempting to defeat diversity jurisdiction. See Ex. C-1, Plaintiff's Petition, p. 3, ¶¶ 12-13.

33. Plaintiff's Petition does not contain any separate allegations identifying specific acts of negligence by Affinius Capital and MPLD Cleveland. See Ex. C-1, Plaintiff's Petition, pp. 3-4, ¶¶ 12-14, 18-19. Courts have held that combining diverse and non-diverse defendants together in liability averments in a plaintiff's petition without differentiation as to which defendant did what reflects a plaintiff's lack of intent to actually sue the non-diverse defendants. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (undifferentiated liability averments against diverse and non-diverse defendants together do not satisfy the requirement to

state specific actionable conduct against the non-diverse defendants).

34. Because Plaintiff has not pleaded viable negligence claims against Affinius Capital and MPLD Cleveland in the State Court Action and has no reasonable possibility of recovering against these Defendants, the Court should disregard the citizenship of Affinius Capital and MPLD Cleveland in determining diversity jurisdiction. *See Allen*, 907 F.3d at 183; *Flagg*, 819 F.3d at 136 (citizenship of improperly joined non-diverse defendant disregarded). Since no reasonable basis exists for the Court to predict that Plaintiff might be able to recover against Affinius Capital and MPLD Cleveland, removal is proper.

## C. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 THRESHOLD.

35. The amount in controversy in Plaintiff's negligence claims, separately and/or aggregated, exceeds $75,000, exclusive of interest and costs.

36. According to Plaintiff, he injured his back and sustained spinal injuries in the alleged incident on December 18, 2023 and has required extensive medical intervention. See Ex. C-1, Plaintiff's Petition, pp. 3-4, ¶¶ 13, 16.

37. As alleged in Plaintiff's Petition, Plaintiff seeks to recover damages as compensation for 8 elements of damages for injuries that Plaintiff claims that he sustained and a total of 14 awards of past and future damages in these categories of damages. See Ex. C-1, Plaintiff's Petition, pp. 5-6, ¶¶ 20 (a)-(j), 25.

38. These alleged damages consist of past and future (a) medical care and expenses, (b) physical pain and suffering, (c) mental anguish, (d) disfigurement, (e) physical impairment, (f) lost wages (past), (g) loss of earning capacity (future), and (h) loss of household services. As Plaintiff's claims for future damages indicate, Plaintiff's personal injury related damages continue to accrue. See Ex. C-1, Plaintiff's Petition, pp. 5-6, ¶¶ 20 (a)-(j), 25.

39. Plaintiff seeks monetary relief up to $250,000 for damages, which includes an amount in excess of $75,000. Further, Plaintiff fails to irrevocably state that he does not seek, and will not accept, an award of damages exceeding $75,000, which therefore allows for Plaintiff's recovery in excess of $75,000. See Ex. C-1, Plaintiff's Petition, p. 5, ¶ 23.

40. After the alleged incident, Plaintiff received medical treatment at Methodist Medical Center for back pain and pain radiating from his right buttocks into his right leg. See Ex. E, Methodist Medical Center Medical Records, pp. 1-5. A lumbar CT scan taken of Plaintiff showed (a) a disc bulge at L3-L4; (b) a disc bulge at L4-L5 with right foraminal stenosis; and (c) a disc bulge at L5-S1 with right foraminal protrusion, spinal stenosis, and right and left foraminal stenosis. See Ex. E, Methodist Medical Center Medical Records, p. 3; Ex. F, CT Scan Lumbar Spine.

41. Stephen Sellers, D.O. with Methodist Medical Center diagnosed Plaintiff with (a) multi-level degenerative changes in Plaintiff's lumbar spine with foraminal stenosis and (b) spondylosis of the lumbar region. See Ex. E, Methodist Medical Center Medical Records, pp. 3, 5.

42. Dr. Sellers recommended that Plaintiff obtain an evaluation from a neurosurgeon to determine whether Plaintiff needed spinal surgery, which Dr. Sellers described as major surgery, or injections to treat Plaintiff's back condition and symptoms. See Ex. E, Methodist Medical Center Medical Records, p. 3.

43. Plaintiff also underwent physical therapy at the Baylor Scott and White Institute for Rehabilitation for back pain and alleged limitations on his activities and functioning. Physical therapist Shaena Wizzard believed that Plaintiff's complaints and alleged limitations were consistent with disc compression and lumbar disc displacement. See Ex. G, Baylor Scott & White Institute for Rehabilitation Medical Records, pp. 1, 3.

44. Plaintiff has obtained medical care from at least six different medical providers: Baylor Scott & White Institute for Rehabilitation, Concentra Medical Center, Epic Pain and Orthopedics, Prime Diagnositc Imaging, Lakewood Anesthesia, and Premier Injury Clinic. See Ex. K, Plaintiff's Initial Disclosures, pp. 4-5; Ex. L, Plaintiff's Notice of Filing Medical Expense and Medical Records Affidavits, pp. 1-2.

45. Plaintiff has incurred more than $22,997.91 in medical expenses. This figure only includes the medical charges for four out of six medical providers. See Ex. K, Plaintiff's Initial Disclosures, pp. 4-5; Ex. L, Plaintiff's Notice of Filing Medical Expense and Medical Records Affidavits, p. 1.

46. In addition to the other damages claimed by Plaintiff, Plaintiff requests an award of exemplary damages against each of the four Defendants based on alleged gross negligence. See Ex. C-1, Plaintiff's Petition, p. 5, ¶ 20; Texas Civil Practice and Remedies Code § 41.006 ("In any action in which there are two or more defendants, an award of exemplary damages must be specific as to each defendant.").

**D. CONCLUSION**

47. The other Defendants have consented to Ryder Integrated Logistics' removal of the State Court Action.

48. Arhaus consents to the removal of this action from state court to federal court as evidenced by Arhaus' written consent. See Ex. O, Arhaus' Consent to Removal.

49. It is not necessary for Affinius Capital and MPLD Cleveland to consent to removal to this Court because Plaintiff improperly joined Affinius Capital and MPLD Cleveland as Defendants in this action. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (improperly joined defendants do not need to consent to removal); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Nevertheless, Affinius Capital and MPLD Cleveland consent to the

removal of this action from state court to federal court as evidenced by their written consent. See Ex. M, Affinius Capital's Consent to Removal; Ex. N, MPLD Cleveland's Consent to Removal.

50. Since this lawsuit is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Therefore, the State Court Action may be removed. Under 28 U.S.C. § 1441(a), venue of a removed action is proper in the district and division embracing the place where the state court case is pending. Since the State Court Action is currently pending in the County Court at Law No. 1, Dallas County, Texas, removal to the United States District Court for the Northern District of Texas, Dallas Division, is proper.

51. In accordance with Local Rule 81.1 of the United States District Court for the Northern District of Texas and 28 U.S.C. § 1446(a), the following documents identified below are appended as Exhibits.

| | |
|---|---|
| Exhibit A | An index of all state court documents that clearly identifies each document and indicates the date the document was filed in state court |
| Exhibit B | A copy of the docket sheet in the state court action |
| Exhibit C | Each document filed in the state court action, except discovery material |
| Exhibit D | A separately signed certificate of interested persons that complies with Local Rule 3.2(e) and Federal Rule of Civil Procedure 7.1(a) |

52. As required by 28 U.S.C. § 1446(d), Ryder Integrated Logistics will give written notice to Plaintiff of this Notice of Removal. A Notice of Removal to Federal Court, including a copy of this Notice of Removal and the exhibits appended hereto, will be filed with the Dallas County Clerk for the County Court at Law No. 1, Dallas County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant Ryder Integrated Logistics, Inc. requests that the Court assume full jurisdiction of this cause as if it had been originally filed in this Court; that Plaintiff Johnny Mitchell's action against Defendants Affinius Capital, LLC and

MPLD Cleveland 45 II, LLC be dismissed; and for such other and further relief, at law or in equity, general or special, to which Ryder Integrated Logistics, Inc. may be justly entitled.

Respectfully submitted,

By: /s/ William O Ashcraft

William O Ashcraft, Esq.
State Bar No. 01372800
S. Lynn Blakeman, Esq.
State Bar No. 02436200

ASHCRAFT LAW FIRM
8105 Rasor Boulevard, Suite 257
Plano, Texas 75024
Telephone: (214) 987-0660
Facsimile: (936) 765-2583
E-mail: woa@ashcraftlawfirm.com
Email: slb@ashcraftlawfirm.com

ATTORNEYS FOR DEFENDANT
RYDER INTEGRATED LOGISTICS, INC.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Ryder Integrated Logistics, Inc.'s Notice of Removal was served upon counsel of record via the electronic case filing system on the 16th day of January 2025, as follows:

Carlos G. Galliani, Esq.
GALLIANI INJURY LAW
3500 Maple Avenue, Suite 1200
Dallas, Texas 75219
Email: carlos@gallianifirm.com

Stephanie M. Krueger
THOMPSON, COE, COUSINS & IRONS, LLP
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Email: skrueger@ thompsoncoe.com

David Jewett
JoeRay Garcia
THOMPSON, COE, COUSINS & IRONS, LLP
10001 Reunion Place, Suite 400
San Antonio, Texas 78216
Email: DJewett@thompsoncoe.com
Email: Jrgarcia@thompsoncoe.com

/s/ William O Ashcraft
William O Ashcraft