**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JOHNNY MITCHELL | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 3:25-CV-0119 |
| AFFINIUS CAPITAL LLC, | § | |
| ARHAUS, LLC, MPLD CLEVELAND | § | |
| 45 II, LLC and RYDER INTEGRATED | § | |
| LOGISTICS, INC. | § | |
| *Defendants,* | § | |

**PLAINTIFF'S COMPLAINT**

JOHNNY MITCHELL, ("Plaintiff" or "Mr. Mitchell") complaining of AFFINIUS CAPITAL LLC, ARHAUS, LLC, MPLD CLEVELAND 45, II, LLC and RYDER INTEGRATED LOGISTICS, INC. (hereinafter referred to as "Defendants" or "Ryder/Arhaus") and for cause of action and would respectfully show the Court as follows:

**I.**
**PARTIES AND SERVICE OF PROCESS**

1. Plaintiff Johnny Mitchell is an individual who resides in Dallas County, Texas.

2. Defendant Affinius Capital LLC is a Texas domestic limited liability company with a principal place of business located at 9830 Colonnade Blvd. Suite 600, San Antonio Texas 78230 and is registered in the state of Delaware. Affinius Capital LLC is duly authorized by the State of Texas to conduct business in Texas and may be served by serving its attorney of record, Sean R. Hicks, Thomson Coe Cousins & Irons, LLP, 700 North Pearl Street, 25th Floor, Dallas, TX 75201.

3. Defendant ARHAUS, LLC is a limited liability company registered in the state of Delaware and whose mailing address is 51 E. Hines Hill Rd. Boston Heights, OH 44236.

ARHAUS, LLC is duly authorized by the State of Texas to conduct business in Texas and may be served by serving its attorney of record, Salina Tariq, Gordon Rees Scully Mansukhani, LLP, 2200 Ross Ave. Suite 3700, Dallas, TX 75201.

4. Defendant MPLD Cleveland 45, II LLC is a limited liability company whose principal place of business is located at 1305 E. Cleveland St. Hutchins, TX 75141 and is registered in the state of Delaware. MPLD Cleveland 45 II, LLC is duly authorized by the State of Texas to conduct business in Texas and may be served by serving its attorney of record, Sean R. Hicks, Thomson Coe Cousins & Irons, LLP, 700 North Pearl Street, 25th Floor, Dal-las, TX 75201.

5. Defendant RYDER INTEGRATED LOGISTICS INC. is a foreign for-profit corporation whose principal place of business is located at 11690 N W 105 Street, Miami, FL 33178 and is registered in the state of Delaware. Ryder Integrated Logistics Inc. is duly authorized by the State of Texas to conduct business in Texas and may be served by serving its attorney of record, William O. Ashcraft, Ashcraft Law Firm, 8105 Rasor Boulevard, Suite 257, Plano, Texas 75024.

## II.
## JURY DEMAND

6. Plaintiffs request a jury trial on all issues triable by a jury.

## III.
## VENUE

7. Pursuant to Texas Civil Practices and Remedies Code Section 15.002, venue is proper in Dallas County, Texas.

## IV.
## FACTUAL BACKGROUND

8. Plaintiff, Johnny Mitchell was an employee of Defendants (hereinafter called "Ryder/Arhaus").

9. Mr. Mitchell was employed at the Ryder/Arhaus warehouse located at 1305 E. Cleveland St. Hutchins, TX 75141. Defendants did not carry workers compensation insurance at that time and as such, this is a non-subscriber case.

10. On December 18, 2023, Mr. Mitchell was injured when he was moving a heavy cardboard box that was torn and contained a damaged dining room table onto a shelf in the loft area of the warehouse using an electric cherry picker manufactured by Raymond or similar brand.

11. In the instant matter, Mr. Mitchell had just started his shift and was tasked with moving and shelving a box in the loft where damaged goods were stored. The box contained a table that weighed approximately 150-300 pounds. As such, this was a particularly dangerous activity. Mr. Mitchell used extra tape to secure the damaged box for safety so the table would not fall out of the box while it was being moved. The Raymond electric cherry picker did not have a platform large enough to safely hold the box and the cherry picker did not have necessary safety equipment to keep boxes upright. When vibrations from the cherry picker, along with missing straps and an inadequate platform, caused the large box to tip over, Mr. Mitchell lowered himself to the ground, and when he lifted the box to get out from under it, he strained his back and suffered spinal injuries.

12. At the time, Mr. Mitchell's manager, Veronica, tasked a single employee – Plaintiff, Johnny Mitchell – with orders that required two employees to perform safely. Veronica completed an incident report after the incident. Mr. Mitchell was subsequently unable to work.

13. As a result of this incident, Mr. Mitchell went to the emergency room at Methodist and was put on light duty and was subsequently terminated by Ryder/Arhaus on February 19, 2024.

14. Mr. Mitchell's injuries have required extensive medical intervention.

15. Mr. Mitchell' injuries include extreme physical pain and suffering, lost wages, and tremendous mental and emotional anguish, which may continue into the future.

## V.
## CAUSES OF ACTION

### *A. Negligence of Defendants Ryder/Arhaus*

16. Under Texas Law, an employer owes its employees the following non-delegable duties:

a. The duty to provide rules and regulations for the safety of employees, and to warn them, under certain conditions, as to the hazards of the positions or employment;

b. The duty to furnish reasonable safe instrumentalities with which its servants are to work;

c. The duty to furnish its servants with a reasonably safe place to work;

d. The duty to exercise ordinary care to select careful and competent fellow servants or co-employees.

17. Defendants, through its agents, servants, and/or employees breached these duties by:

a. Hiring the careless and/or incompetent employee(s) and coworkers who did not provide proper supervision, training, assistance or warnings to move and lift damaged package and did not train, assist, supervise or warn on the weight limits of the items being lifted;

b. Failing to warn Mr. Mitchell that Arhaus/Ryder had implemented poor safety measures in the loft or "put away" area of the warehouse that contained heavy damaged boxes and shelves;

c. Failing to provide proper work equipment and maintaining such equipment, i.e., regarding cherry pickers, straps, back braces, and platforms and other equipment necessary to perform the job safely;

## VI.
## PREMISES LIABILITY

18. Plaintiff was an invitee on the premises in question.

19. Affinius Capital and/or MPLD Cleveland are the owners and/or property managers responsible for maintaining the warehouse in question and equipment which forms the basis of this lawsuit.

20. The condition of the cherry picker lift and warehouse, on December 18, 2023, created dangerous conditions on said premises.

21. Respondents knew or reasonably should have known of the above-referenced dangerous conditions on said premises.

22. Respondents owed a duty to Claimants to warn of said dangerous conditions and to make the dangerous condition safe. Respondents breached their duty by failing to warn and failing to make safe this dangerous condition. Said breach of duty by Respondents was the proximate cause of Claimants injuries complained of herein.

## VII.
## DAMAGES TO PLAINTIFF

23. As a direct and proximate cause of the negligence and gross negligence described herein, Plaintiff has incurred the following actual damages:

a. Reasonable and necessary medical care and expenses in the past and which will in all reasonable probability be incurred in the future;

b. Physical pain and suffering in the past;

c. Mental anguish in the past;

d. Physical pain and suffering in the future;

e. Mental anguish in the future;

f. Disfigurement;

g. Physical impairment in the past and future;

h. Loss of wages in the past;

i. Loss of earning capacity in the future;

j. Loss of household services in the past and future;

24. As a result of the negligent conduct set forth above, Plaintiff is entitled to recover noneconomic damages, in addition to his actual damages.

## VIII.
## PLAINTIFF'S DAMAGES

25. Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporates them herein by this reference for all purposes.

26. Plaintiff alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief up to $250,000.00.

27. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury. Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

28. As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Plaintiff has sustained medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages.

## IX.
## PROXIMATE CAUSE

29. The accident and the ensuing damages and personal injuries sustained by the Plaintiff were proximately caused by various acts, wrongs, and/or omissions on the part of the Defendants and each and all of said acts, wrongs, and/or omissions amounted to negligence on the part of the above-named Defendants.

## X.
## DOCUMENTS TO BE USED

30. Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause. Moreover, Defendants are put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, e-mails or text messages from the store or from the corporate office or from any Arhaus/Ryder employee who was involved, and/or any communication whatsoever related this incident.

## XI.
## PRAYER

31. **WHEREFORE PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and upon final trial that said Defendants be found liable for the following damages and that judgment be entered in the Plaintiff's favor awarding the following:

a. Actual damages in an amount within the jurisdictional limits of the Court;

b. Pre-judgment and post-judgment at the maximum rate allowed by law;

c. Costs of court;

d. Such other and future relief to which the Plaintiff may be entitled.

Respectfully submitted,

By: */s/ Carlos Galliani*

Carlos G. Galliani
carlos@gallianifirm.com
Texas Bar No. 24069752
**GALLIANI INJURY LAW**
3500 Maple Ave., #1200
Dallas, TX 75219
Tel. (214) 301-3400
Fax. (682) 564-1099
**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 3rd of February, 2025.

To: **Via CM/ECF:**

*/s/ Carlos Galliani*
CARLOS GALLIANI